# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN SINGLETON,<br><br>Plaintiff,<br><br>v.<br><br>DONALD JOHN TRUMP,<br>*in his official capacity as President of the*<br>*United States of America*,<br><br>Defendant. | Case No.  1:26-cv-01855-JLT-FRS (SAB)<br><br>**ORDER GRANTING PLAINITFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**<br><br>(ECF No. 2)<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE THROUGH THE COURT'S CM/ECF PROGRAM**<br><br>(ECF No. 3) |

## I.    PLAINTIFF'S IFP APPLICATION

Plaintiff Steven Quinn Singleton ("Plaintiff"), proceeding pro se, filed this action on March 6, 2026.  (ECF No. 1.)  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)  The Court

1

has reviewed Plaintiff's application to proceed in forma pauperis and has determined that Plaintiff has made the showing required by section 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

Plaintiff is advised that the Court is required to screen complaints of pro se litigants proceeding in forma pauperis pursuant to Title 28 of the United States Code section 1915(e)(2).  The Court must dismiss a complaint or portion thereof if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

As a result, no summons will issue at this time.  The Court will direct the United States Marshal to serve Plaintiff's complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendant.  The Court will screen Plaintiff's complaint in due course.

## II.    PLAINTIFF'S MOTION FOR LEAVE TO USE THE COURT'S CM/ECF SYSTEM

On March 6, 2026, Plaintiff filed a request for permission to file documents electronically through the CM/ECF system.  (ECF No. 3.)

Pursuant to the Local Rules, a pro se party shall file and serve paper documents and may not utilize electronic filing unless granted permission by the Court.  L.R. 133(a)-(b).  A pro se party may request an exception to the paper filing requirement from the Court by filing a stipulation of the parties, or "if a stipulation cannot be had, [a] written motion[] setting out an explanation of reasons for the exception."  L.R. 133(b)(3).

Plaintiff states that he "has regular access to a computer, the Internet, a valid email account, and the ability to generate and upload PDF documents."  (ECF No. 3 ¶ 2.)  Plaintiff states that he "will make reasonable and good faith efforts to understand the technical requirements of the electronic filing system and comply with all applicable Federal Rules of Civil Procedure, the Local Rules of the Eastern District of California, and any CM/ECF User Manual provisions."  (Id. ¶ 3.)  Plaintiff further argues that he "believes that electronic filing will promote efficiency, conserve resources, and ensure timely service and receipt of filings."  (Id. ¶ 4.)

Upon review of the pleadings in this action and the instant request, the Court finds that this action currently does not warrant an exception to the Local Rule.  Documents intended to be filed with the Court must be mailed to the Clerk of the Court.  See L.R. 134(a).

Accordingly, Plaintiff's motion for permission to utilize electronic filing is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    **March 10, 2026**    _____
STANLEY A. BOONE
United States Magistrate Judge

3