UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN QUINN SINGLETON,

Plaintiff,

v.

DONALD JOHN TRUMP,
*in his official capacity as President of the United States of America*,

Defendant.

Case No.  1:26-cv-01855-JLT-FRS (SAB)

**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**

**FOURTEEN-DAY DEADLINE**

Plaintiff Steven Quinn Singleton ("Plaintiff") is proceeding pro se and in forma pauperis in this action.  Upon review, the undersigned concludes that the allegations are frivolous and fail to state a claim and recommends dismissing Plaintiff's complaint without leave to amend.

**I.   SCREENING REQUIREMENT AND STANDARD**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017). However, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action against Donald John Trump, in his official capacity as President of the United States of America. (ECF No. 1.) Claiming that federal question is the basis of subject matter jurisdiction, Plaintiff asserts cites Article I, Section 4 of the United States Constitution and 52 U.S.C. § 30106. Elsewhere in his complaint, Plaintiff indicates that he is seeking relief under the Administrative Procedure Act ("APA") or a review or appeal of an agency decision. (Id. at 6.) Plaintiff also indicates that he seeks relief under 5 U.S.C. § 706. (Id. at 6.)

Fundamentally, Plaintiff's claims seem to arise from his assertion that "[t]he President has a statutory requirement to 'compose' the Federal Election Commission." (Id. at 6.) Plaintiff's

2

entire statement of the claim provides:

> The Constitution of the United States vests the Executive power in a 'President of the United States of American' and as the Head of the Second branch, the President has a responsibility to appoint Officers of the United States.  Many appointments are not required, but some are required by the statutes of the United States. For example, the Dodd Frank Act requires specific appointments to the Consumer Finance Protection Bureau to be administered.  Under Title 52, Subtitle III of the U.S.C., the Federal Election Commission (FEC), or 'the Commission,' is 'composed of . . . 6 members [with the right to vote] appointed by the President, by and with the advice and consent of the Senate.' The FEC is not exclusively defined by virtue of an agency form, but necessitates 6 members of the Commission with the right to vote.  Without 6 members appointed to the Commission, the agency is not composed; ' any vacancy occurring in the membership of the Commission shall be filled.'  Fulfilling the statutory requirement protects and upholds the Manner in which Elections should be conducted.

(Id. at 4.)

As relief, Plaintiff seeks (1) "Declaratory relief clarifying the President's virtually unflagging obligation to make diligent effort to compose the Commission with nominations of natural persons who may 'best promote the efficiency of that service,'" (2) "Declare that the current state of the Commission's extended non-composure does not comply with Federal law," (3) "Equitable relief compelling the President initiate and carry out all steps of the appointment process that are clearly mandated by law, without delay," and (4) "Structural remedy including the (a) adoption of written procedures to ensure timely initiation of the appointment process when a vacancy of the Commission arises and (b) periodic status report to an appropriate group of stakeholders on the appointment process (e.g. Senate)."

## III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint fails to comply with Federal Rule of Civil Procedure 8, fails to state a cognizable claim under Article I, section 4 of the United States Constitution, 52 U.S.C. § 30106, the APA, or 5 U.S.C. § 706, and is frivolous.

### A.  Fed. R. Civ. P. 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

3

its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved.  General assertions regarding the scope of executive power are not sufficient.  What's more, Plaintiff's allegations are vague and conclusory statements.  As currently pled, Plaintiff's complaint does not contain enough factual details to permit the Court to draw the reasonable inference that the named Defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.

In sum, Plaintiff's complaint fails to conform to the requirements of Rule 8.

### B.  Article I, Section 4 of the United States Constitution

Plaintiff brings a claim under Article I, Section 4 of the United States Constitution.  Art. I, § 4 states, in its entirety:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

> The Congress shall assemble at least once in every Year, and such Meeting shall be on the first Monday in December, unless they shall by Law appoint a different Day.

U.S. Const. art. I, § 4.

Plaintiff does not state a cognizable claim under this Section.  The purpose of Art. I, § 4 is to "expressly grant[] states a sovereign interest in regulating 'the Times, Places and Manner' of holding elections for federal office."  Washington v. Trump, No. 2:25-CV-00602-JHC, 2026 WL 73866, at *17 (W.D. Wash. Jan. 9, 2026).  Because Plaintiff's complaint appears to involve the President's supposed failure to fulfil a "statutory requirement to 'compose' the Federal election Commission," (ECF No. 1 at 6), this provision is inapplicable.

Accordingly, Plaintiff does not state a claim under Article I, Section 4 of the United States Constitution.

//

4

### C. 52 U.S.C. § 30106

Plaintiff appears to be attempting to bring a claim under 52 U.S.C. § 30106.  (ECF No. 1 at 3, 4.)  Plaintiff specifically cites to 52 U.S.C. § 30106(a)(1), which reads:

> There is established a commission to be known as the Federal Election Commission. The Commission is composed of the Secretary of the Senate and the Clerk of the House of Representatives or their designees, ex officio and without the right to vote, and 6 members appointed by the President, by and with the advice and consent of the Senate. No more than 3 members of the Commission appointed under this paragraph may be affiliated with the same political party.

52 U.S.C. § 30106(a)(1).

Section 30106(a)(1) establishes the FEC but does not create a private right of action.  The FEC has exclusive jurisdiction of civil enforcement of the Federal Election Campaign Act ("FECA").  52 U.S.C. § 30106(b)(1) ("The Commission shall administer, seek to obtain compliance with, and formulate policy with respect to, this Act . . . The Commission shall have exclusive jurisdiction with respect to the civil enforcement of such provisions.")

Accordingly, Plaintiff does not state a claim under 52 U.S.C. § 30106.

### D. APA

Plaintiff indicates that he is bringing a claim under the APA or for the review or appeal of an agency decision.  (ECF No. 1 at 6.)

Individuals have a right to judicial review under the APA, which provides "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

#### 1. Final Agency Action

Generally, two conditions must be satisfied for agency action to be "final" under the APA. "First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." U.S. Army Corps of Eng'rs v. Hawkes Co., 578 U.S. 590, 597 (2016) (citing Bennett v. Spear, 520 U.S. 154, 177 (1997)); Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990) ("[T]he person

claiming a right to sue must identify some 'agency action' that affects him in the specified fashion.") Plaintiff has not alleged that there is an agency action at issue here, let alone that the agency action is final.

### 2. Adversely Affected or Aggrieved Within the Meaning of the Relevant Statute

Plaintiff's complaint does not state that *he personally* suffered a legal wrong that falls within the zone of interests sought to be protected by the relevant statutory provision.    "[T]he party seeking review under § 702 must show that he has suffered legal wrong because of the challenged agency action, or is adversely affected or aggrieved by that action within the meaning of a relevant statute." Lujan, 497 U.S. at 883 (internal quotation marks omitted).  It is not enough merely to point to a failure of an agency to comply with a statutory provision.[1] Id.  Rather, "to be adversely affected or aggrieved within the meaning of a statute, the plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him*) falls within the zone of interests sought to be protected by the statutory provision whose violation forms the legal basis for his complaint." Lujan, 497 U.S. at 883 (internal quotation marks omitted).  To the extent Plaintiff is suggesting that he was harmed by the President's failure to adequately compose the FEC, Plaintiff's allegations are generic and contain no specific facts to support that he was adversely affected or aggrieved by any agency action.  Lujan, 497 U.S. at 882.

Accordingly, Plaintiff does not state a claim under the APA.

### E.  5 U.S.C. § 706

Plaintiff indicates that he is bringing a claim under 5 U.S.C. § 706.  (ECF No. at 6.)  5 U.S.C. § 706 provides the scope of review of the APA, and states in its entirety:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and

---

[1]  See, e.g., Lujan, 497 U.S. at 883 ("Thus, for example, the failure of an agency to comply with a statutory provision requiring 'on the record' hearings would assuredly have an adverse effect upon the company that has the contract to record and transcribe the agency's proceedings; but since the provision was obviously enacted to protect the interests of the parties to the proceedings and not those of the reporters, that company would not be adversely affected within the meaning of the statute." (internal quotation marks omitted)).

determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

>    (1) compel agency action unlawfully withheld or unreasonably delayed; and
>    (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>    (B) contrary to constitutional right, power, privilege, or immunity;
>    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>    (D) without observance of procedure required by law;
>    (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>    (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

The Court construes Plaintiff's reference to 5 U.S.C. § 706 as an attempt to bring a claim under the APA. The Court refers back to the previous section's analysis, concluding that Plaintiff does not state a claim under the APA.

### F. Frivolousness

Apart from Plaintiff's failure to comply with Rule 8 and failure to state a claim, his complaint is frivolous.

A complaint will be considered frivolous, and therefore subject to dismissal under § 1915(e)(2)(B), "where it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) ("At the same time that it sought to lower judicial access barriers to the indigent, however, Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"). While a federal court cannot properly sua sponte dismiss an action commenced in forma pauperis if the facts alleged in the complaint are merely "unlikely," Denton, 504 U.S. at 33, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, see Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e). Plaintiff's complaint is frivolous under this legal standard. Plaintiff

7

does not set forth any facts supporting his claim, and public court records show that Plaintiff has filed over a dozen federal lawsuits in the past week.[2] See Singleton v. Winter et al., Case No. 1:26-cv-2099 (E.D. Cal. Mar. 16, 2026); Singleton v. Thompson, Case No. 1:26-cv-2095 (E.D. Cal. Mar. 16, 2026); Singleton v. Superior Court of California, Fresno County, Case No. 1:26-cv-2097 (E.D. Cal. Mar. 16, 2026); Singleton v. Superior Court of California, Fresno County, Case No. 1:26-cv-2096 (E.D. Cal. Mar. 16, 2026); Singleton v. Environmental Protection Agency, Case No. 1:26-cv-2061 (E.D. Cal. Mar. 16, 2026); Singleton v. Department of State, Case No. 1:26-cv-2062 (E.D. Cal. Mar. 16, 2026); Singleton v. Department of Agriculture, Case No. 1:26-cv-2060 (E.D. Cal. Mar. 16, 2026); Singleton v. Valley Strong Credit Union, Case No. 1:26-cv-2021 (E.D. Cal. Mar. 13, 2026); Singleton v. Merit System Protection Board, Case No. 1:26-cv-2018 (E.D. Cal. Mar. 13, 2026); Singleton v. Jordan, Case No. 1:26-cv-2019 (E.D. Cal. Mar. 13, 2026); Singleton v. Federal Election Commission, Case No. 1:26-cv-2016 (E.D. Cal. Mar. 13, 2026); Singleton v. Bureau of Consumer Finance Protection, Case No. 1:26-cv-2017 (E.D. Cal. Mar. 13, 2026); Singleton v. Federal Bureau of Investigation, Case No. 1:26-cv-1687 (E.D. Cal. Mar. 2, 2026).

Because the undersigned finds that Plaintiff's complaint is "indisputably meritless," lacking in any factual contentions supporting his claim, the undersigned recommends that this case be dismissed as frivolous and that Plaintiff not be given leave to amend.[3] See Levy v. Subway, No. 2:13-CV-1269-GEB-DAD, 2013 WL 5493390, at *3 (E.D. Cal. Oct. 2, 2013).

//

//

//

//

//

---

[2] A court may take judicial notice of court filings from other state or federal court proceedings. See Duckett v. Godinez, 67 F.3d 734, 741 (9th Cir. 1995); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

[3] If a case is classified as frivolous, "there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be dismissed, without leave to amend.  Although this is Plaintiff's first complaint in this action, it is clear from the face of the complaint that it is frivolous.[4]

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1.  Plaintiff's complaint be dismissed, without leave to amend; and

2.  The Clerk of the Court be instructed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[4] If Plaintiff believes that he can cure this deficiency in an amended complaint, he may file objections to these Findings and Recommendation explaining how he would amend his complaint to state a cognizable claim.

9